IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

RICHARD GOMOLL,                        )
                                       )
              Plaintiff,               )
                                       )
         v.                            )    1:04CV00857
                                       )
LANDURA MANAGEMENT COMPANY, INC.,      )
and LANDURA MAMAGEMENT ASSOCIATES      )
LIMITED PARTNERSHIP, and SITE          )
SERVICES COMPANY, L.L.C.,              )
                                       )
              Defendants.              )

## RECOMMENDATION OF MAGISTRATE JUDGE ELIASON

Plaintiff filed a Second Amended Complaint against defendants seeking damages for (1) unlawful termination in violation of the Family Medical Leave Act of 1993 (the FMLA), (2) unlawful termination for exercising his rights under the North Carolina Workers' Compensation Act (WCA); a violation of North Carolina's Retaliatory Employment Discrimination Act (REDA), and (3) wrongful termination in violation of the public policy of the State of North Carolina. Defendants now seek to have the third cause of action dismissed for failing to state a claim upon which relief may be granted.

## Facts

Only a very brief recitation of the facts alleged in the complaint is necessary in order to decide defendants' motion. On December 29, 2003, plaintiff, who was employed by defendant Landura Management Associates Limited Partnership, requested medical leave under the FMLA for a serious, work-related health condition. (Sec.

Amended Compl. ¶ 8)  This request was granted to begin on December 29, 2003.  (Id.) Plaintiff claims that his condition incapacitated him until March 5, 2004, but alleges that he was terminated on February 3, 2004.  (Id. ¶¶ 9-10)

As stated previously, plaintiff believes that his termination violated the FMLA, WCA/REDA, and North Carolina public policy. Plaintiff's third cause of action, his public policy claim, is of particular importance to defendants' motion.  In setting out that claim, plaintiff reiterates some facts and contentions from earlier in his complaint.  Among these is a statement that his firing violated the FMLA.  He then states:

> There is a public policy in North Carolina, under which employees such as the plaintiff who use and avail themselves of the rights granted them under the Family Medical Leave Act of 1993, and/or who use and avail themselves of the rights granted them under the North Carolina Workers' Compensation Act, are entitled to protection from reprisal and retaliation by their employers.

(Id. ¶ 32)  Plaintiff then concludes that his termination violated the public policy of North Carolina as well as state and federal statutes.  (Id. ¶ 33)  It is this final claim that defendants believe should be dismissed.

## Standards For Dismissal

Defendants' motion to dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(6).  That motion cannot succeed "'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th

Cir.), cert. denied, 510 U.S. 828, 114 S.Ct. 93, 126 L.Ed.2d 60 (1993), quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Further, the Court must assume that the allegations in the complaint are true and construe them in the light most favorable to plaintiff. Id.

Because plaintiff's contested claim arises under state law, the Court must use state law to determine whether his cause of action exists. When state law is unclear, the federal court will rule in such a manner as it appears the highest state court would rule if presented with the issue. Rulings of the lower courts may be considered as persuasive evidence of state law. Sanderson v. Rice, 777 F.2d 902, 903 (4th Cir. 1985), cert. denied, 475 U.S. 1027, 106 S.Ct. 1226, 89 L.Ed.2d 336 (1986). Furthermore, the federal court must rule on state law as it exists, as opposed to surmising or suggesting an expansion of state law. Burris Chemical, Inc. v. USX Corp., 10 F.3d 243 (4th Cir. 1993).

## Discussion

Defendants contend that plaintiff's public policy claim should be dismissed because alleging termination in violation of the FMLA does not state a claim for violation of North Carolina public policy. So far as plaintiff's public policy claim relates to FMLA violations, defendants are correct. The general rule in North Carolina is that it is an "at will" employment state, meaning that employees can be fired at any time and for any reason, or even no reason, by an employer. Still v. Lance, 279 N.C. 254, 182 S.E.2d 403 (1971). However, an exception to the "at will" rule exists where the

-3-

Case 1:04-cv-00857-NCT   Document 23   Filed 03/11/05   Page 3 of 6

termination in question violates public policy.  Coman v. Thomas Manufacturing Co., Inc., 325 N.C. 172, 175, 381 S.E.2d 445, 447 (1989).  On at least three prior occasions, cases in this District have addressed the question of whether or not a termination that violates the FMLA also violates North Carolina public policy. Buser v. Southern Food Service, Inc., 73 F. Supp. 2d 556 (M.D.N.C. 1999); Taylor v. Rose Furniture Company, No. 1:04CV00450 (M.D.N.C. October 26, 2004)(unpublished); Brewer v. Jefferson Pilot Standard Life Ins. Co., No. 1:03CV01161 (M.D.N.C. August 18, 2004)(unpublished).  All three cases have held that it is not. Plaintiff has not cited to any contrary authority and the Court is aware of no authority that would lead to an opposite result.[1] Therefore, for the reasons set out in Buser and followed in Taylor and Brewer, plaintiff has failed to state a claim to the extent that he relies on any violation of the FMLA to establish a violation of North Carolina public policy.

While plaintiff makes only a half-hearted effort to save the portion of his third cause of action which relies on termination in violation of the FMLA, he does point out that the cause of action also has a second basis which defendants do not address.  As set out above, Paragraph 32 of the Second Amended Complaint states not only that North Carolina public policy protects workers exercising

---

[1] In fact, plaintiff fails to raise any meaningful argument on this point at all.  He simply recites the standards for deciding a motion to dismiss, claims they are not met, and notes that defendants' argument is based "solely" on prior cases in this District not recognizing a cause of action.  While this may be the sole basis for defendants' argument, it is a sufficient one.

-4-

rights under the FMLA from retaliation, but also that it protects workers exercising rights under the WCA. Therefore, when the Second Amended Complaint states in the next paragraph that plaintiff's discharge violated North Carolina's public policy, it is reasonable to conclude that plaintiff is basing his claim on both the alleged FMLA and the alleged WCA/REDA violations. Plaintiff argues that his claim should continue on the second basis, even if the first is not valid.

As plaintiff correctly notes, defendants do not address the WCA/REDA portion of plaintiff's claim in their brief. They have also not replied to plaintiff's contention that this portion of the claim should continue. Moreover, the North Carolina Court of Appeals has specifically recognized that terminating an employee for exercising workers' compensation rights violates North Carolina public policy and at least one published federal case allowed such a claim to go forward. Brackett v. SGL Carbon Corp., 158 N.C. App. 252, 259-260, 580 S.E.2d 757, 762 (2003); Bumgardner v. Spotless Enterprises, Inc. 287 F. Supp. 2d 630, 638 (W.D.N.C. 2003). Plaintiff will be allowed to pursue his third cause of action to the extent that it is based on violations of the WCA and/or REDA.

**IT IS THEREFORE RECOMMENDED** that defendants' motion to dismiss plaintiff's third cause of action (docket no. 17) be granted to the

-5-

Case 1:04-cv-00857-NCT    Document 23    Filed 03/11/05    Page 5 of 6

extent that plaintiff's claim relies on a theory of termination in violation of the FMLA, but denied to the extent that the claim relies on termination in violation of the WCA and/or REDA.

/s/ Russell A. Eliason
United States Magistrate Judge

March 11, 2005